**Michael Turner WHITE, Plaintiff–Appellant,**

v.

**Jackie BECHTEL; Geri M. Smith, Defendants–Appellees.**

No. 01–4313.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

Michael Turner White, an Ohio prisoner proceeding pro se, appeals a district court judgment which dismissed an action in replevin that had been removed from state court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 10, 2001, White filed a civil action captioned "Writ of Replevin" in the Lima Municipal Court, Allen County, Ohio. He sued the Cashier of the Lima Correctional Institution, the Clerk of Courts for the United States District Court for the Northern District of Ohio, and two United States District Court Judges for the Northern District of Ohio. In the replevin action, White sought recovery of the filing fee which was deducted from his inmate account in a prior case. On August 31, 2001, the defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441, 1442 and 1446. The case was transferred to the Honorable Patricia A. Gaughan, United States District Court Judge for the Northern District of Ohio. On September 12, 2001, White filed a motion to remand the case back to state court. The motion was denied. Ultimately, the district court dismissed the action as meritless pursuant to 28 U.S.C. § 1915A. Reconsideration was denied. This appeal followed. White has filed a motion to certify conflict and a motion for counsel.

Upon de novo review, *see Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir.2000), *cert. denied,* 532 U.S. 953, 121 S.Ct. 1428, 149 L.Ed.2d 367 (2001); *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999); *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999), we conclude that the district court properly denied White's motion to remand the case to state court because White's complaint contains allegations sufficient to confer subject matter jurisdiction upon the district court. *See* 28 U.S.C. §§ 1441(b) and 1442( a)(3).

Upon further review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), we conclude that the district court

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

properly dismissed the complaint pursuant to § 1915A. White waived any objection to assessment of and withdrawal from his prisoner trust account when he filed a civil complaint or appeal. *See McGore*, 114 F.3d at 605. Moreover, the in forma pauperis provisions of the Prison Litigation Reform Act do not violate the constitutional rights of prisoners. *See Hampton v. Hobbs*, 106 F.3d 1281, 1284–88 (6th Cir. 1997). The remaining issues raised by White on appeal are patently meritless.

Accordingly, the motion to certify conflict and motion for counsel are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.